UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LKQ CORPORATION | ) | |
| | ) | Civil Action No. 22 CV 003691 |
| | ) | |
| v. | ) | |
| | ) | Hon. Andrea R. Wood |
| | ) | U.S. District Judge |
| CHRISTOPHER SHIPMAN | ) | |
| | ) | |

### DEFENDANT CHRISTOPHER SHIPMAN'S MOTION FOR CHANGE OF VENUE UNDER 28 U.S.C. SECTION 1404 (a)

NOW COMES Defendant Christopher Shipman ("Shipman"), by his counsel, James A. McGurk, and respectfully moves for entry of an order pursuant to 28 U.S.C. Section 1404 (a) transferring this proceeding to the U.S. District Court for the Western District of Oklahoma.

In support of this motion, Defendant Shipman states as follows:

1. Defendant Shipman was named in a complaint filed in this District court by Plaintiff LKQ Corporation, a former employer of Defendant Shipman. The Complaint was filed on July 15, 2022 (Doc. 1).

2. The complaint alleges that the Defendant, who was and is a resident of Oklahoma City, OK, improperly solicited an individual, Thomas Cypert, a resident of Oklahoma, who was referred to the Defendant by another individual, who is also a resident of Oklahoma. The complaint alleges that Defendant Shipman worked from his home Oklahoma City, OK when he was employed by the Plaintiff corporation.

3. The Declaration of Christopher Shipman made under penalty of perjury pursuant to 28 U.S.C

1

§ 1746 is attached as Exhibit A to this motion.

4. The Defendant Shipman's Declaration states that the Defendant was called by the individual, Thomas Cypert, who was an employee of Plaintiff LKQ and continues to be an employee of LKQ.

5. The Defendant Christopher Shipman never contacted Mr. Thomas Cypert but was called by Mr. Cypert after Mr. Cypert was referred to Mr. Shipman by a third party.

6. The owners of Mr. Shipman's current employer, Advance Auto Technologies ("AAT") spoke to Mr. Thomas Cypert and ultimately chose to make a job offer to him.

7. Mr. Cypert accepted the offer on a Thursday and on the following Tuesday, he declined the offer and chose to remain with LKQ Corporation's subsidiary.

8. The venue selection clause upon which the Plaintiff relies is part of the Restricted Stock Unit ("RSU") agreement which was never signed by the Defendant Shipman during the April, 2019 through May, 2022 time period when Mr. Shipman was with the Elitek subsidiary of LKQ Corporation.

9. Section 1404 (a) of Title 28 provides that "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action where it might have been brought."

10. Because the witnesses to the alleged wrongful solicitation are all in Oklahoma, it would be inconvenient for witnesses, including non-party witnesses, who are residents of Oklahoma to be required to come to the Northern District of Illinois for trial.

11, The alleged target of the wrongful solicitation, Mr. Thomas Cypert, is a resident of Oklahoma.

12 The individual who referred Mr. Cypert to the Defendant, Mr. Sean Waite of Gerber

Colllision, is a non-party witness who is a resident of Oklahoma.

13. Mr. Jake Bloom and Mr. Brian Willeford, the officers of AAT, who extended a job offer to Mr. Thomas Cypert , are non-parties witnesses who are residents of Oklahoma.

14. A party may move for transfer, even if has waived any objection to venue. *Montgomery Ward & Co. v. Anderson Motor Service, Inc*. 339 F.Supp. 713, 718 n.3 (W.D. Mo. 1971).

15. One of the most impart factors to be considered on a motion for change of venue is that of the convenience of the witnesses. The inquiry is not directed at the number of witnesses but rather the nature and quality of the witnesses' testimony and whether they can be compelled to testify. *Hoffman v. Balski*, 363 U.S. 335 (1960), *In re: Fine Paper Antitrust Litigation*, 685 F.2d 810, 819 (3d Cir. 1982), *cert. denied*, 459 U.S. 1156 (1983), *Security State Bank v. Baty*, 439 F.2d 910, 912 (10th Cir. 1971).

16. The "interest of justice" may also include consideration of the level of congestion of the respective courts, dockets and the speed with which the dispute can be resolved are also proper matters to be considered. See, *Securities and Exchange Commission v. Savoy Industries, Inc.* 587 F. 2d 1149, 1156 (D.C. Cir. 1978), *cert. denied*, 440 U.S. 913 (1979).

WHEREFORE, Defendant Christopher Shipman respectfully requests that the Court enter an order pursuant to Section 1404 (a) of Title 28, transferring this civil action to the U.S. District Court for the Western District of Oklahoma for the interests of justice.

Dated: September 16, 2022 /s/James A. McGurk
James A. McGurk

3

James A. McGurk
Law Offices of James A. McGurk, P.C.
29 South Clark Street
Suite 1710
Chicago, IL 60603-1842
(312) 236-8900

20220916..DefendantShipmansMotionforChangeofVenue.doc

## CERTIFICATE OF SERVICE

I, James A. McGurk, an attorney, certify that I caused a copy of the foregoing document to be served by electronic filing upon:

**Via Electronic Mail**

James M. Hux, Jr., Esq.
Fisher & Phillips, LLP
10 South Wacker Drive
Suite 3450
Chicago, IL 60606


this 16th day of September, 2022

/s/James A. McGurk
James A. McGurk

COS.ChristopherShipman.cs.doc