# SUPPLEMENTAL DECLARATION OF CHRISTOPHER SHIPMAN
# UNDER PENALTY OF PERJURY
# PURSUANT TO TITLE 28 U.S.C. § 1746.

I, Christopher Shipman, hereby make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am a resident of Oklahoma City, OK.

2. I am the Defendant named in the case of *LKQ Corporation v. Christopher Shipman*, No. 22 cv 3691 filed in the U.S. District Court for the Northern District of Illinois.

3. I have reviewed the response of LKQ Corporation to the motion for change of venue. I am submitting this Supplemental Declaration to provide additional information to the Court.

4. As I previously stated in my prior Declaration, I was employed by Elitek, a subsidiary of LKQ Corporation. The Plaintiff corporation acquired Elitek on or about April 1, 2019 and at that point, I became an employee of LKQ Corporation. On April 13, 2022, I gave my notice to Elitek of my resignation of my position.

5. I left Elitek on May 9, 2022 and later joined a much smaller firm known as Advance Auto Technology ("AAT") based in Oklahoma. That firm has two principal officers who are also part owners.

6. There are about four or five firms in Tulsa that provide mobile mechanical repairs to cars being repaired by body shops.

7. The business of Elitek and AAT is to provide mobile mechanical repairs to cars and light truck, e.g. pick up trucks, with internal repairs being performed at the time body shops

which repair external damage to auto bodies. That is, the body shops services damaged vehicles and repairs the glass and metal on the vehicle. The mobile mechanical repair entity will do whatever internal repairs are needed to the subject vehicle.

8. It is possible for body shops to take the damaged vehicle to a dealership or to a mechanical repair shop but it is faster if a mobile repair entity can come to the body shop and make the necessary internal repairs.

9. The body shop generally obtains the necessary replacement parts and the auto manufacturer publishes the specified instructions as to the protocols for making the internal repairs.

10. The mobile repair entities, such as Elitek, part of LKQ, and such as AAT do not have any proprietary information on the repairs to be made to damaged vehicles. Every auto manufacturer issues its own specific instructions for its vehicles and those are the instructions which are to be followed for making the necessary repairs. For example, if a Ford Motor vehicle is damaged, anyone working on the repairs must follow the instructions issued by Ford.

11. The body shops which perform the repairs contact mobile repair entities as needed. If a body shop needs a repair on a very short-term basis, AAT may not be able to assist the body shop because AAT is engaged performing repairs for other vehicles at other body shops.

12. In many cases, AAT receives orders from body shops based on referrals from other customers. There are no long-term contracts. Each project, i.e. each damaged vehicle is a separate job. The body shops call mobile repair services on a case by case basis.

13. As to the time spent to complete the internal repairs, AAT and other mobile repair entities, including Elitek, use published standards which are created by different sources, and are widely used by insurance companies to pay for repairs. There is no proprietary information on pricing. The insurance companies which pay for most repairs, all rely on widely accepted standards for the time to provide certain repairs.

14. My work is essentially focused on Tulsa and the immediate surrounding area. That is, I work with AAT which only serves body shops in the Tulsa area. AAT's work is totally based in Oklahoma.

15. Elitek, a part of LKQ, to my knowledge only has a single employee in the Tulsa area, Mr. Thomas Cypert. If Mr. Cypert, the Elitek employee, is working on a repair at body shop in Tulsa, he is unable to handle any other work until his immediate project is complete. Therefore, like AAT, the Elitek employee, Mr. Thomas Cypert, is only available based upon the amount of work that he has committed to perform.

16. The response of Elitek suggests that there only a few individuals from Oklahoma who are involved in the dispute that is the basis for the complaint. In fact, every individual who is involved in the allegation of an improper solicitation of Mr. Cypert, the Elitek employee, is based in Oklahoma.

17. Sean Weight, an employee of Gerber Collision & Glass in Oklahoma, the third party individual who made the recommendation that AAT consider extending an employment offer to Thomas Cypert for a position with AAT, is based in Oklahoma. Mr. Cypert, the Elitek employee who was allegedly improperly solicited, is based in Oklahoma. The two officers of AAT who extended an offer to Mr. Cypert who ultimately chose to remain with Elitek, are based in Oklahoma.

18. While it is true that AAT has approximately 12 employees compared to Elitek which has hundreds of employees and is part of a publicly trading company, LKQ Corp (NASDAQ symbol "LKQ"), that has tens of thousands of employees nationwide. Mr. Seyfarth is the only employee from Elitek who is involved and he is from Oklahoma.

19. When I was contacted by Mr. Sean Waite, I did not recognize the name of Mr. Thomas Seyfarth when it was mentioned to me.

20. I referred Mr. Thomas Seyfarth to the owners of AAT. Those individuals extended a job offer to Mr. Thomas Seyfarth.

21. I was advised that Mr. Seyfarth had decided to decline the AAT job offer and to remain with LKQ.

22. I later spoke to Mr. Seyfath who told me he had been advised by staff of LKQ that they intended to "go after" me. That was the first point that I understood that LKQ intended to bring a proceeding against me.

23. After reviewing the complaint, I noted that in part, the complaint was based upon "restricted stock unit" ("RSU") agreements. I never signed any RSU agreements and did not wish to participate in the RSU program. I have never received any compensation under the RSU agreements. I have never paid any taxes on compensation paid under the RSU program

24. I have never sought to access any of the RSU units allegedly available to me

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 28 2022
Oklahoma City, OK

Christopher Shipman

Page 4 of 4