UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LKQ CORPORATION | ) | |
| | ) | Civil Action No. 22 CV 003691 |
| | ) | |
| v. | ) | |
| | ) | Hon. Nancy L. Maldonado |
| | ) | U.S. District Judge |
| CHRISTOPHER SHIPMAN | ) | |
| | ) | |

**DEFENDANT CHRISTOPHER SHIPMAN'S MOTION TO DISMISS
COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF UNDER
F.R.CIV.P. 12 (b)(6)**

NOW COMES Defendant Christopher Shipman ("Shipman"), by his counsel, James A. McGurk, and respectfully moves for entry of an order pursuant to F.R.Civ.P. 12 (b)(6) dismissing the Complaint in this matter for failure to state a claim for relief.

In support of this motion, Defendant Shipman states as follows:

**The Complaint**

1. Defendant Shipman is named in a complaint filed in this District court by Plaintiff LKQ Corporation, a former employer of Defendant Shipman. The complaint is allegedly based upon the diversity jurisdiction of the federal court pursuant to 28 U.S.C. § 1332. (Complaint, ¶ 7) The Complaint alleges that Defendant Shipman had worked for an entity called "Elite Electronics" which was acquired by Plaintiff in 2019. (Complaint, ¶ 11)(Doc. 1). The Complaint alleges that Defendant Shipman became an employee of a subsidiary of Plaintiff's called "Elitek Vehicle Services" on April 1, 2019 when LKQ acquired Shipman's former employer, Elite Electronics.

(Complaint, ¶ ¶11, 20, 21).

2.  The Complaint alleges that through its Elitek subsidiary, Plaintiff LKQ Corporation provided "mobile and on-site technical solutions, including but not limited to pre- and post- collision repair diagnostics, ADAS related calibrations, re-flashing, programming, air bag replacements, theft and vandalism repair, frame replacements, and full mechanical services to its customers nationwide." (Complaint, ¶ 12)

3.  The Complaint alleges that Plaintiff LKQ hired Defendant Shipman as Operations Manager of LKQ's Elitek mobile, on-site vehicle services business. (Complaint, ¶ 22) The complaint alleges that Shipman was promoted to General Manager and then to Territory Director of LKQ's Elitek business. (Complaint, ¶ 22, 23).

4.  The Complaint alleges that "During his tenure with LKQ, Shipmen (sic) worked out of his home, which from at least September 30, 2020 to the present was and is located at 3900 Lago Strada, Oklahoma City, Oklahoma 73170 ("the Oklahoma Facility")." (Complaint, ¶ 24). The Defendant Shipman did reside and continues to reside at his residence on Lago Strada in Oklahoma City. However, the correct address is "**13900** Lago Strada, Oklahoma City, OK 73170." The Defendant did work out of his home during his tenure with LKQ.

5.  The Complaint alleges that Defendant Shipman entered into a number of agreements with Plaintiff LKQ Corporation, attached as Exhibits:

    Exhibit A   5/17/2019 Confidentiality Agreement.

    Exhibit B   2/4/2020 Restrictive Covenant Agreement ("RCA")

    Exhibit C   4/1/2019 Restrictive Stock Unit Agreement, ("2019 RSU Agreement")

    Exhibit D   2/21/2020 Restrictive Stock Unit Agreement, ("2020 RSU Agreement")

    Exhibit E   2/19/2021 Restrictive Stock Unit Agreement, ("2021 RSU Agreement")

       Exhibit F       4/1/2019   Restrictive Covenant Agreement ("2019 RCA")

       Exhibit G      2/21/2020  Restrictive Covenant Agreement ("2020 RCA")

       Exhibit H      2/19/2021 Restrictive Covenant Agreement ("2021 RCA")

6. The Complaint alleges that on April 12, 2022, the Defendant Shipman gave notice to Plaintiff LKQ Corporation that he was voluntarily resigning effective May 9, 2022. (Complaint, ¶ 67).

7. The Complaint alleges that shortly after Defendant Shipman's employment with LKQ Corporation ended, the Plaintiff learned that Defendant Shipman had begun a new position with Advance Auto Technology ("AAT"). (Complaint, ¶ 69).

8. The Complaint alleges that AAT competes directly with LKQ's Elitek business in "…providing the same or similar mobile, on-site vehicle services to the same customers as prospective customers to which Elitek markets, sells and provided such services not only in Oklahoma but also throughout the United States." (Complaint ¶70).

9. The Complaint alleges "Shipman's LinkedIn profile currently states he is employed as an Automotive Technician for AAT" (Complaint, ¶71).

10. The Complaint alleges "AAT operates its business and provides competitive mobile, on-site vehicle services within a 75-mile radius of the location out of which Shipman worked for LKQ and/or over which Shipman exercised managerial control while employed by LKQ." (Complaint, ¶73).

11. The Confidentiality Agreement attached as Exhibit A, does not contain any geographic limitation. Complaint, Exhibit A, (Complaint ¶34)

12. The 2/4/2020 Restrictive Covenant, Complaint, Exhibit B (incorrectly referred to as the *2/24/2020* Restrictive Covenant in the Complaint at ¶ 39), provides that Defendant Shipman agrees that Shipman shall not for a period of nine months "be employed by…any business that would be

competitive with any business conducted by Employer [LKQ Corporation]..anywhere within a 75 mile radius of any facility of Employer….". (Complaint, ¶ 39)

13. The 2019, 2020 and 2021 RSU's agreements attached as Exhibits C, D. and E to the Complaint do contain a non-competition provision, Paragraph 17 of the RSU's, quoted at Paragraph 45 of the Complaint. However, the non-competition provisions of the RSU's have no geographical limitation. Complaint, Exhibits C, D, and E, paragraph 17 (a)(1).

14. The Complaint alleges that the Defendant Shipman entered into Restrictive Covenant Agreements in 2019, 2020 and 2021. (Complaint ¶55, Complaint Exhibits F, G and H, paragraph 2.)

15. The Restrictive Covenant Agreements, attached as Exhibits F, G and H to the Complaint contain essentially the same geographical limitation contained in Exhibit B, i.e. Exhibits F, G and H, provide that Defendant Shipman agrees that Shipman shall not for a period of nine months "…be employed by…any business that would be competitive with any business conducted by Employer [LKQ Corporation]..anywhere within a 75 mile radius of any facility of Employer….". (Complaint, Exhibits F, G and H, paragraph 2).

16. The Complaint alleges "Since Shipman began working for AAT, he has contacted LKQ employees for purposes of discussing their potential employment with AAT." (Complaint, ¶ 78).

17. As set forth in the Supplemental Declaration of Christopher Shipman, attached to the Defendant's Motion to submit the Declaration in Support of His Motion for Change of Venue, the only individual that Christopher Shipman ever spoke to who was an employee of Elitek was Thomas Cypert who was and is based in Tulsa, OK. As set forth in the Supplemental Declaration of Christopher Shipman, Mr. Thomas Cypert continues to be an employee of LKQ Corporation.

18. The Second Declaration of Christopher Shipman attached as Exhibit A to this Motion to Dismiss, demonstrates that Mr. Shipman only works for AAT in Tulsa, OK. Indeed, Mr. Shipman

stays overnight in Tulsa, OK most weeks from Monday night through Thursday night because of the distance to his home in Oklahoma City.

19	The Court can take judicial notice that Oklahoma City, OK and Tulsa, OK are located at least 106 miles apart, far beyond the 75 miles radius of the non-compete agreements. As set forth in Mr. Shipman's Second Supplemental Declaration, he works as a mobile auto technician at about 20 body shops in the Tulsa, OK area. The closest Tulsa body shop at which he works is 106 miles away from his residence. The farthest Tulsa area body shop at which Mr. Shipman works is 148 miles away from his residence. Therefore, all of the body shops in the Tulsa, OK area where the Defendant works for AAT, are beyond the radius of the agreements.

## ARGUMENT

**A. The Complaint fails to meet the standard for alleging a valid non-competition provision purportedly prohibiting Christopher Shipman from employment with AAT**

### The Legal Standard

Motions filed under F.R.Civ.P. 12 (b)(6) test the sufficiency of the pleading. *Christensen v. County of Boone, IL*, 483 F.3d 454, 458 (7th Cir. 2007). Under F.R.Civ.P. 12(b)(6), a claim may be dismissed because the facts as alleged are implausible, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). In addition, the plaintiff's pleading must contain "enough" information to give the defendant both plaintiffs claims and the grounds for those claims. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 U.S. 308, 319 (2007).

In order to survive a F.R. Civ.P. 12 (b)(6) motion, a plaintiff must provide the grounds for the plaintiff's entitlement to relief. This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, supra. See also, *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545,

548 (6th Cir. 2007). In *Twombly*, the Supreme Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* 550 U.S. 544, 555 & 570. In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. 544, 555 & 570.

## The Work Location of Defendant Shipman is outside of the location covered under the non-compete provisions of the agreements

The LKQ Corporation complaint alleges that Defendant Christopher Shipman was and is in violation of the non-competition provisions of several employment agreements. However, under the terms of the agreements, the non-competition provision does not apply to Shipman outside of a radius of 75 miles from his prior LKQ work location. As alleged in the Complaint, (Complaint, ¶ 24), that "prior LKQ work location" was Shipman's residence in Oklahoma City. As demonstrated by the Second Supplemental Declaration of Christopher Shipman, he is now working for AAT, a competitor in the market for mobile auto repair technicians, far beyond the 75 mile radius set forth in various agreements between LKQ and Shipman. There is no basis raised in the Complaint to extend the 75 mile radius of the non-compete agreements.

Of course, this Court can take judicial notice of the distance between Oklahoma City and Tulsa. Federal Rule of Evidence 201 permits district courts to "judicially notice a fact that is not subject to reasonable dispute because it: (1) it is generally know within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." F.R.Evi. 210(b).

The Plaintiff LKQ was and is aware that Defendant Shipman works in Tulsa, OK. The individual who works and continues to work for the LKQ subsidiary, who was purportedly the subject of a solicitation by Defendant Shipman, Mr. Thomas Cypert, is based in Tulsa, OK. *See* the Supplemental Declaration of Christopher Shipman, submitted to the Court on December 1, 2022.

While AAT may have operations in Oklahoma City, there is no basis to permit that fact to support the non-competition provisions of the agreements between LKQ and Shipman when Shipman does not work in Oklahoma City. There is no basis alleged in the Complaint to extend the provisions of the non-competition provisions of the agreements between Shipman and LKQ to AAT. That is, LKQ has not alleged any basis for this Court to prohibit competition between AAT and LKQ in Oklahoma City, when Shipman has demonstrated that he works in Tulsa, OK, beyond the reach of the LKQ-Shipman non-compete agreements.

### The Complaint Does Not allege how Shipman, an auto technician, can solicit employees of LKQ when he does not make hiring decisions

The Complaint alleges that Shipman, is identified as being listed in LinkedIn as an "Automotive Technician." (Complaint, ¶71) The Complaint goes on to allege that "…Shipman has, directly or indirectly, engaged in soliciting for employment and/or hiring LKQ's employees whom he managed, supervised and/or worked with while at LKQ." (Complaint, ¶ 77). Plaintiff does not disclose how Shipman solicited the LKQ employees. The Plaintiff does not disclose what other employees Shipman allegedly supervised out of his residence in Oklahoma City who Shipman purportedly solicited. The Plaintiff does not disclose how an "Automotive Technician"

for AAT is able to make job offers while simply being an "Automotive Technician". The Plaintiff is required to allege how the Defendant Shipman in his position as an "Automotive Technician" had the authority to make job offers to employees of LKQ. The Plaintiff bears the burden of explaining how the Defendant could have committed the alleged misconduct. LKQ has failed to meet its pleading burden under F.R.Civ.P. 12 (b)(6).

### The Complaint Does Not allege how LKQ has been injured in the amount Of $75,000 when the allegedly wrongly solicited employee chose not to leave

The Complaint alleges that the jurisdiction of the federal court is based upon diversity jurisdiction. The Complaint makes the assertion "This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs." (Complaint, ¶ 7)

In addition to the requirement of complete diversity between the parties, 28 U.S.C. § 1332 also requires an amount in controversy above $75,000: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . ." 28 U.S.C. § 1332. The party invoking federal jurisdiction has the burden of proving that jurisdictional requirements have been met. As is true with other jurisdictional requirements, the burden of demonstrating that the amount in controversy is above the jurisdictional threshold rests on the party asserting federal jurisdiction. 15 Moore's Federal Practice ¶ 102.107[1]. *Tongkook Am., Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.").

The amount in controversy amounts must be present when the case is filed. *Gardynski-*

*Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir 1998) ("Unless the amount in controversy was present on the date the case began, the suit must be dismissed for want of jurisdiction."). In the complaint at issue here, there is no allegation by Plaintiff as to how the jurisdiction amount is calculated. As discussed above, the target of the alleged improper solicitation, Mr. Thomas Cypert, continues to be an employee of LKQ Corporation. Because the non-competition provision of the agreements does not apply for the reasons as stated above, there can be no damages for that alleged violation of the non-competition agreements between LKQ Corporation and Defendant Christopher Shipman. The Plaintiff LKQ has failed to establish any basis for damages and therefore, cannot allege a basis for diversity jurisdiction under 28 U.S.C. § 1332.

WHEREFORE, for all the reasons stated above, Defendant Christopher Shipman respectfully requests that the Court enter an order dismissing the Complaint in this proceeding pursuant to F.R.Civ.P. 12 (b)(6) for failure to allege facts sufficient to state claim for relief.

Dated: December 5, 2022  /s/James A. McGurk
　　　　　　　　　　　　　　　　　　　　James A. McGurk

James A. McGurk
Law Offices of James A. McGurk, P.C.
29 South Clark Street
Suite 1710
Chicago, IL 60603-1842
(312) 236-8900

20221205.DefendantShipmansMotiontoDismiss.doc

## CERTIFICATE OF SERVICE

I, James A. McGurk, an attorney, certify that I caused a copy of the foregoing document to be served by electronic filing upon:

**Via Electronic Mail**

James M. Hux, Jr., Esq.
Fisher & Phillips, LLP
10 South Wacker Drive
Suite 3450
Chicago, IL 60606

this 5th day of December, 2022

/s/James A. McGurk
James A. McGurk

COS.ChristopherShipman.cs.doc